| ¡.CARTER, C.J.
This case involves defendant’s, the State of Louisiana, Board of Chiropractic Examiners, Department of Health and Human Resources (the board), refusal to renew the chiropractic license of plaintiff, Randall Lord, D.C. Plaintiff sought a writ of mandamus directing the board to renew his chiropractic license. The trial court denied the petition and plaintiff appealed.
BACKGROUND
Plaintiff had previously held a Louisiana chiropractic license for twelve years. LSA-R.S. 37:2810 requires a practicing chiropractor to have his license renewed on an annual basis. The renewal must occur before December 31 of each year. The board has the authority to renew chiropractic licenses. LSA-R.S. 37:2804. Apparently, in connection with the renewal process, the board requires the renewal candidates to fill out a renewal application which requires disclosure of the applicant’s social security number.
Plaintiffs petition alleges the following. He applied for his renewal license in the latter part of 1997. Pursuant to LSA-R.S. 37:2810, plaintiff enclosed a renewal fee and proof of attendance at continuing education in chiropractic care with his renewal application; however, plaintiff did not disclose his social security number in the renewal application. The board denied plaintiffs request for a renewal license because plaintiff did not provide the board with his social security number and Louisiana driver’s license number. Plaintiff subsequently agreed to submit his driver’s *275 license number (which did not contain his social security number), but refused to submit his social security number. In February 1998, the board returned plaintiff’s renewal application and renewal fee, and notified plaintiff that his 1998 renewal was delinquent and he was subject to late fees. On March 10, 1998, the board sent a letter to plaintiff advising him to “cease and desist” practicing chiropractic in Louisiana immediately due to his failure to provide his social security number.
On March 17, 1998, plaintiff filed a petition for a writ of mandamus, directing the board to renew plaintiffs chiropractic license and dispense with the delinquent charges assessed to plaintiff. On March 30, the trial court ruled in favor of the board, denying the petition for writ of mandamus. A judgment dismissing the petition was signed in 13April 1998. Plaintiff appeals the judgment asserting the following two assignments of error:
1. The trial court erred in failing to order the board to renew plaintiffs chiropractic license when the stipulated evidence established that plaintiff satisfied all of the statutory requirements necessary for a renewal, and LSA-R.S. 37:2810 provides that the board “shall” renew a license when the statutory requirements are met.
2. If the trial court was correct in concluding the board was justified in requiring all chiropractors to submit their social security number when seeking a renewal license, the trial court erred by failing to order that plaintiff be allowed to practice chiropractic care subject to the financial penalties contained in LSA-R.S. 37:2810 when the board is without any statutory authority to suspend his license without a due process hearing.
ASSIGNMENT OF ERROR NO. 1
Plaintiff contests the trial court’s finding that the board was entitled to deny his license renewal request because plaintiff did not supply the board with his social security number. Plaintiff relies on LSA-R.S. 37:2810 in support of his argument. This statute sets forth two requirements which must be met before a license can be renewed by the board. These two requirements are payment of the annual license fee and proof of attendance at continuing chiropractic education. Because the words “shall renew” are utilized in the statute, plaintiff argues that the board must issue a renewal license if it receives proper payment and proof of attendance at board-approved continuing education programs.
We do not interpret LSA-R.S. 37:2810 as a mandate that the board issue a renewal license in every case where the fee is submitted with proof of attendance at continuing chiropractic education. Although these are the only two requirements expressed in this statute which addresses renewal licenses, the other statutory provisions in the chapter of the revised statutes dealing with chiropractors must also be considered. One such provision, LSA-R.S. 37:2803, provides that the board “shall adopt and promulgate rules and regulations to govern its actions and to provide for the enforcement of the provisions of this Chapter, pursuant to the provisions of [the Administrative Procedure Act].” Thus, the board has authority to make rules and regulations needed to conduct its affairs. In connection with the board’s authority to issue renewal licenses, it apparently chose to require the completion of a renewal license application which admittedly required disclosure of each applicant’s social security number.
Llmplicit in the concept of a renewal license is the premise that the person seeking renewal possesses the same requirements/characteristics which were required to obtain the original license. The use of a renewal application which seeks disclosure of the applicant’s social security number helps correctly identify the person and facilitate the determination that the person still meets the requirements to hold the chiropractic license. This is not an unreasonable or unduly burdensome requirement.
*276 Although LSA-R.S. 37:2810 does not expressly state that an applicant for renewal must complete a renewal application, to interpret the omission of an express requirement for completion of a renewal application strictly would lead to absurd consequences. Particularly, without a completed renewal application, there would be no means of enforcing the board’s requirement that a licensed chiropractor supply the board with any changes in his office address. This would potentially result in an out-of-date address database and a resultant inability by the board to later locate a board-licensed chiropractor when necessary, such as in the event revocation or suspension proceedings must be implemented. We do not find that seeking disclosure of a renewal applicant’s social security number is unreasonable, unduly burdensome or overly intrusive where an applicant is seeking issuance of a license enabling him the privilege of practicing chiropractic care on other people for profit. Moreover, we note that plaintiff conceded in his appellate brief that he had given the board his social security number in the past. Therefore, in addition to the above reasons, any expectation of privacy plaintiff may have had with respect to his social security number, as it pertains to the board, has been waived.
It is undisputed that plaintiff did not provide the board with his social security number in connection with his 1998 license, renewal request, as was reasonably required by the board. Accordingly, the board was justified in refusing to renew the license, and the trial court properly denied the petition for a writ of mandamus. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
Plaintiff also argues that the board lacked authority to order him to cease and desist practicing chiropractic care in March 1998, without first conducting a hearing. It is plaintiffs contention that the cease and desist order was the equivalent of a revocation [ sand/or suspension of his license, which action required a hearing pursuant to LSA-R.S. 37:2816.
LSA-R.S. 37:2816 A provides in pertinent part as follows: “After notice and an opportunity for hearing, the board may suspend or revoke any license ... issued to any chiropractor .... ” However, at the time the cease and desist order was issued in March 1998, plaintiff was not in possession of a current and/or valid chiropractic license because he failed to comply with the board’s renewal requirements. Accordingly, we find that the board had authority to order plaintiff to cease and desist his chiropractic care practice because plaintiff was practicing without a license. LSA-R.S. 37:2805 provides that “[n]o person shall engage or attempt to engage in the practice of chiropractic in this state who has not been licensed in accordance with the provisions of this Chapter.”
Plaintiff requested renewal of his license, which request was properly denied by the board. Without a renewal license, plaintiff was no longer licensed to practice chiropractic care after the first day of 1998. Thus, without a license, plaintiff was not entitled to practice chiropractic care, and the board had authority to order plaintiff to cease and desist his practice until he obtained a renewal license. The board’s action was not a suspension or revocation, and if a valid current license had been in effect, the board would have been required to hold a hearing in connection with suspension or revocation proceedings, pursuant to LSA-R.S. 37:2816. However, there is no requirement for a hearing pertaining to the board’s decision to deny a renewal request because the applicant failed to provide the required identification information to obtain the renewal. This assignment of error lacks merit.
CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. *277 Costs of this appeal are assessed to plaintiff.
AFFIRMED.
SHORTESS, J., concurs.
WHIPPLE, J., concurs and assigns reasons.